UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of the Tax Liabilities of<br><br>HONG V. PHAN and KHANHDIEU T. HOANG | No. 14-80134-LHK-PSG<br><br>FINDINGS AND RECOMMENDATIONS RE: PETITION FOR JUDICIAL APPROVAL OF LEVY ON PRINCIPAL RESIDENCE |

## I.   INTRODUCTION

Pending before the Court is the United States' ("Petitioner") Petition for Judicial Approval of Internal Revenue Service Levy On a Principal Residence. (Dkt. No. 1.) Petitioner seeks to levy upon Hong V. Phan's and Khanhdieu T. Hoang's ("Respondents") principal residence to satisfy Respondents' unpaid federal income tax liabilities, interest, and penalties for the 1999, 2000, and 2002 tax years. For the following reasons, the Court recommends that the petition be GRANTED.

## II.   DISCUSSION

This proceeding is brought, and the Court's jurisdiction arises, pursuant to sections 6334(e)(1) and 7402(a) of the Internal Revenue Code (26 U.S.C.) ("Code").

By statute, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand," the government may collect the unpaid tax "by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person

REPORT & RECOMMENDATION
14-80134 LHK-PSG

or on which there is a lien provided in this chapter for the payment of such tax." 26 U.S.C. § 6331(a). Section 6334 provides in relevant part that, "[a] principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." 26 U.S.C. § 6334(e)(1).

The United States may seek judicial approval of a levy on a taxpayer's principal residence pursuant to 26 U.S.C. § 6334(e). In order to obtain such approval, the United States must file a petition demonstrating that: (1) the underlying tax liability has not been satisfied, (2) the requirements of any applicable law or administrative procedure relevant to the levy have been met, and (3) there is no reasonable alternative for collection of the taxpayer's debt. 26 C.F.R § 301.6334–1(d)(1). "The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy." 26 C.F.R § 301.6334–1(d)(2). "The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding." *Id.* "Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property." *Id.*

In support of its application, Petitioner submitted the sworn declaration of Revenue Officer Mike Nicholas, dated May 1, 2014, and Certified IRS Form 4340 transcripts, showing that the Internal Revenue Service ("IRS") assessed federal income tax, interest, and penalties against Respondents. (Dkt. No. 2, Exs. 1-4; Dkt. No. 3, Exs. 2-4). Moreover, Petitioner submitted proof that the IRS properly notified Respondents of their liabilities and made a demand for payment from Respondents. (Dkt. No. 3, Ex. 2.)

REPORT & RECOMMENDATION
14-80134 LHK-PSG

After the filing of the Petition, the Court issued an order to show cause for why the levy should not issue on August 21, 2014. (Dkt. No. 7.) The Order to Show Cause was personally served on Respondents and set a hearing for September 9, 2014 . (Dkt. Nos. 12-13.) The Order to Show Cause notified Respondents of the Petition and informed them that Petitioner sought an order allowing the IRS to levy upon real property located at 685 Princess Place, Milpitas, CA 95035 (the "Subject Property") to satisfy Respondents' income tax liabilities. The Court further advised Respondents of their right to object to the Petition and ordered Respondents to file any objections in writing with the Clerk of Court within twenty-one days prior to the hearing. (Dkt. 7.) The Order advised Respondents that only timely written objections would be considered, and if no opposition was filed the uncontested allegations in the Petition "will be considered admitted." (Dkt. No. 7).

Respondents and their counsel appeared at the September 9, 2014, and requested a continuance. (Dkt. No. 14.) The hearing was continued to October 14, 2014, and Respondents were ordered to submit any objections to the Petition by September 30, 2014. (Dkt. No. 14.) Respondents did not file any objections to the Petition by September 30, 2014. On October 8, 2014, the parties filed a stipulation to continue the October 14, 2014 hearing to November 17, 2014. (Dkt. No. 15.) The Court modified the stipulation by setting the hearing for November 18, 2014, and further ordered that "any opposition to the petition shall be filed 21-days prior to the hearing." (Dkt. No. 16.) No opposition was filed by Respondents and the hearing was continued to December 2, 2014, pursuant to another stipulation filed by the parties. (Dkt. No. 18.) Respondents did not appear at the hearing on December 2, 2014. (Dkt. No. 20.)

Respondents were ordered to file any written objection to the Petition in advance of four hearings. To date, Respondents have not filed any written objections with the Clerk of Court to the Petition, and more than twenty-one days have elapsed since the Petition and the Court's Order to Show Cause were personally served upon Respondents. Additionally, Respondent did not appear at the Order

REPORT & RECOMMENDATION
14-80134 LHK-PSG

to Show Cause hearing on December 2, 2014.  Accordingly, the Court finds that the Petition for Judicial Approval of Levy Upon Principal Residence should be granted.  *See*, 26 C.F.R. § 301.6334–1(d).

### III.     RECOMMENDATION

IT IS HEREBY RECOMMENDED THAT the United States' Petition for Judicial Approval of Internal Revenue Service Levy upon the Principal Residence of Respondents, Hong V. Phan and Khanhdieu T. Hoang, located at 685 Princess Place, Milpitas, CA 95035 be APPROVED.

IT IS FURTHER RECOMMENDED THAT a levy upon Hong V. Phan's and Khanhdieu T. Hoang's interests in the real property located at 685 Princess Place, Milpitas, CA to satisfy all or part of the unpaid federal income taxes, penalties, interest, and other statutory additions for the income tax years 1999, 2000, and 2002 as set forth in paragraph five (5) of the Government's Petition, which may be executed by any authorized officer of the Internal Revenue Service, be APPROVED.

These findings and recommendations are submitted to the assigned United States District Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days after the date of these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

Petitioner is DIRECTED to promptly serve a copy of this report and recommendation on Respondents' counsel and to file a proof of service with the court.

DATED: December 3, 2014

_____
THE HONORABLE  PAUL S. GREWAL
United States Magistrate Judge

REPORT & RECOMMENDATION
14-80134 LHK-PSG